The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Deputy Commissioner Chapman's: Findings of Fact 3, 4, and 5, and, by striking 6; Conclusions of Law 1, 2, 3, 4 5; and, Award paragraph 2 and 4.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Form 28B dated May 19, 1994.
2. Eighty-three pages of medical records and reports.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. As of August 16, 1990 plaintiff had been employed by defendant approximately eight years as a cafeteria worker and was working at the Fairview School. She sustained a compensable injury on that date when she experienced an electrical shock as she was lifting a pan of peaches out of a refrigerator. Following the incident she was treated for headaches and instability of her shoulders. She ultimately underwent surgery to each of her shoulders.
2. Defendant admitted liability for benefits under the Workers' Compensation Act and paid compensation to plaintiff for temporary total disability based upon an average weekly wage of $163.37. This wage was determined by taking her income of $6,908.26, dividing it by 296, the number of days she was actually employed in the previous year, and multiplying the result by seven. She only worked the ten months each year that school was in session.
3. Plaintiff remained unable to return to work for defendant as a result of her injury through the date of hearing. Although defendant paid compensation to her for most of that time, compensation was suspended in the summer months during the time school was out.
4. The average weekly wage as shown on the Form 21 Agreement is $163.37, which yields a compensation rate of $108.91 per week.
5. As a result of the injury giving rise to this claim, plaintiff was unable to work from June 6 through August 12, 1991, from June 9 through August 11, 1992, and from July 30 through August 15, 1993. Defendant did not pay compensation to her for those periods.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since there is insufficient evidence to justify approving the Form 24 Agreement submitted by defendant-employer, said Motion is hereby DENIED.
2. Generally, "average weekly wage" shall mean the earning of the injured employee in the employment which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of injury. However, where for exceptional reason the foregoing would be unfair, either to the employer or employee, such other method of computing average weekly wage may be resorted to as would most nearly approximate the amount the injured employee would be earning were it nor for the injury. N.C.G.S. § 97-2(5). In this case the Full Commission finds that a computation based on 10 months instead of 12 months would be most equitable. Also this is set forth in the Form 21 Agreement which was executed by the parties and approved by the Commission.
3. Since there is no basis to set aside the Form 21 Agreement in this case, it shall remain in full force and effect. N.C.G.S. § 97-17.
4. Plaintiff's average weekly wage was $163.37, which yields a compensation rate of $108.91. N.C.G.S. § 97-2(5).
5. As a result of plaintiff's injury by accident, she is entitled to compensation at the rate of $108.91 per week from June 6, 1991 through August 12, 1991, from June 9, 1992 through August 11, 1992, and from July 30, 1993 through August 15, 1993, for a total of 21 and 2/7ths weeks. N.C.G.S. § 97-29.
6. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen her disability. G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant's motion to approve the Form 24 Agreement is hereby DENIED.
2. Defendant shall pay compensation to plaintiff at the rate of $108.91 per week for 21 and 2/7ths weeks for the temporary total disability benefits previously not paid. Said compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. Plaintiff's counsel is entitled to a reasonable attorney fee of 25% of all compensation due plaintiff for valuable services rendered to plaintiff.
5. Defendant shall pay the costs.
 S/ ___________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
CMV/CNP/tmd